**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT E. LEVY, | No.   17-16062 |
| Plaintiff-Appellant, | DC No. CV 13-2643 RHW |
| v. | |
| COUNTY OF ALPINE; TOM SWEENEY, Supervisor, Board of Supervisors, County of Alpine; PAMELA KNORR, Director of Personel/HR, County of Alpine, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Robert H. Whaley, District Judge, Presiding

Argued and Submitted October 11, 2018
San Francisco, California

Before:    TASHIMA and MURGUIA, Circuit Judges, and CHATIGNY,[**]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Robert N. Chatigny, United States District Judge for the District of Connecticut, sitting by designation.

Plaintiff-Appellant Robert Levy filed a 42 U.S.C. § 1983 action alleging that Alpine County violated his First Amendment rights as well as California's Fair Employment and Housing Act ("FEHA"). In 2012, on the recommendation of County Administrative Officer ("CAO") Pamela Knorr, the Alpine County Board of Supervisors authorized an independent investigation by an outside law firm into a telecommunications infrastructure project that Levy worked on when he was Alpine County Undersheriff. The law firm's report showed major financial problems with the project, and the report was published on the County's website. Levy argues that the report's publication irreparably damaged his reputation within the County, ruining his plan to run for Alpine County Sheriff in 2013. He argues that the district court erred by granting judgment as a matter of law under Fed. R. Civ. P. 50, on his § 1983 claim at the close of plaintiff's case, and by earlier granting partial summary judgment on his state law claims for age discrimination, retaliation, and failure to prevent discrimination and retaliation. We affirm.

**1.** Levy contends that CAO Knorr was a final policymaker for Alpine County. Under the "policymaker" theory of liability of 42 U.S.C. § 1983, a First Amendment retaliation claim requires an adverse employment action made by a final policymaker. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Here, Knorr's position was created by the Alpine County Board of Supervisors,

2

which is the final policymaker under state law. *See* Cal. Gov. Code § 25000. The Board did not delegate any of its policymaking power to the CAO. The Alpine County Ordinance that created the position clearly stated that the CAO's role was to advise, investigate, and recommend courses of action, not to make those final decisions herself, and that the position was "under the direction and control of the board of supervisors." County of Alpine, Cal., Ordinance No. 677-07 (Aug. 21, 2007). Further, there is no record evidence that Knorr was a final policymaker by some unwritten authority, policy or custom. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Therefore, Knorr was not a final policymaker under state law and the district court did not err by granting judgment as a matter of law against Levy on his § 1983 claim.

2.    Under California law, an adverse employment action in violation of FEHA is one that materially affects the terms and conditions of employment. *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1126, 1136 (Cal. 2005). Levy suffered no demotion, no loss of pay, no negative performance evaluation, no major change in job duties, and he was temporarily relieved of one additional job duty for which he was not compensated and did not even want in the first place. There was no evidence of an adverse employment action that materially affected the terms and conditions of Levy's employment. Therefore, the district court did

3

not err in granting partial summary judgment on Levy's state law claims for age discrimination, retaliation, and failure to prevent discrimination and retaliation.[1]

•  ●  •

The judgment of the district court is **AFFIRMED.**

---

[1]     The partial summary judgment was granted by Judge Kimberly J. Mueller before the case was transferred to Judge Whaley for trial.